# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Clayton A. Lewis, et al.,

    Plaintiffs

v.

Caesars Entertainment Corporation, et al.,

    Defendants

Case No.: 2:16-cv-02787-JAD-NJK

**Order Granting Plaintiff's Motion for Summary Judgment in part and Denying Defendant's Motion to Withdraw Admissions**

[ECF No. 52, 53]

Clayton and Jocelyn Lewis sue Caesars Entertainment, Bingli Yang, and Michael Soto for defamation, tortious conduct, breach of contract, and other misconduct. Their allegations stem from actions that allegedly took place while the Lewises and Yang were working as traveling poker dealers at the Chicago Poker Classic in Hammond, Indiana. I granted Soto's motion to dismiss in March 2017, and Caesars was voluntarily dismissed from the lawsuit in September, leaving only the Lewises' defamation claim against Yang. The Lewises now move for summary judgment against Yang on the sole basis that Yang failed to respond to requests for admission (RFAs) and therefore admitted facts proving their defamation claim against him. Because those admissions establish Yang's liability, I grant summary judgment on liability only.

## Background[1]

Yang and the Lewises are traveling poker dealers who were employed to work on the poker-tournament circuit. The Lewises allege that Yang began harassing them after they provided witness statements for an employment hearing concerning Yang's past harassment of another dealer in August 2014. The harassment continued until it "escalated to intolerable levels" in March 2015, when Yang and the Lewises were working as dealers at the Chicago Poker Classic in Hammond, Indiana. The Lewises allege that Yang "publicly demeaned" them by "loudly direct[ing] a stream of profanities at and about them" while they and other employees were in the event's breakroom. Yang also accused the Lewises of stealing his personal property

---

[1] Because Caesars and Soto have been dismissed, I focus only on the allegations against Yang.

1

and harassing other employees. The Lewises allege that Yang spoke with other dealers and hiring managers about them and disparaged them as employees and dealers. The Lewises claim that Yang's actions constitute defamation.

On September 7, 2017, the Lewises served RFAs on Yang's counsel.[2] The RFAs asked Yang to admit that he accused the Lewises of stealing and harassment, and that those accusations were false and made without Yang's personal knowledge. They also sought an admission that Yang told hiring managers about the accusations in order to "knowingly interfere" with the Lewises' ability to be hired for future poker tournaments. On September 8, 2017, Yang's counsel sent the Lewises' counsel a settlement offer, which was open until September 13, 2017.[3] On September 11, 2017, the Lewises stipulated to voluntarily dismiss Caesars with prejudice.[4] Because Caesars' dismissal drastically altered the lawsuit's scope and due to scheduling conflicts concerning the Lewises' depositions, Yang and the Lewises stipulated to extend the discovery deadline to November 8, 2017.[5]

On the dispositive-motion deadline, the Lewises filed this motion for summary judgment. They contend that Yang never responded to their RFAs, and therefore is deemed to have admitted the facts that prove defamation. Thus, they contend, there are no issues of material fact, and they request that I grant summary judgment in their favor.

Yang filed a combined response and motion to withdraw his admissions.[6] Yang contends that he didn't respond to the RFAs because he believed "there was a reciprocal extension to

---

[2] ECF No. 52 at 33.

[3] ECF No. 53 at 28. This offer was apparently not accepted, as discovery and discussions between Yang and the Lewises continued.

[4] ECF No. 46.

[5] ECF No. 51.

[6] ECF No. 53. Yang's combined response and motion was filed in violation of this court's Local Rules IC 2-2(b) and (c), which state: "For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." "The filer is responsible for designating the accurate title of a document filed in the electronic filing system." Nonetheless, I will consider all aspects of Yang's motion to fully resolve this issue. I find these matters suitable for disposition without oral argument. L.R. 78-1.

2

respond to discovery as Plaintiffs were still not made available for their depositions."[7] He argues that the Lewises acted in bad faith by filing this motion despite that reciprocal agreement, and he complains that the Lewises' representation in their motion that Yang did not request additional time to respond to discovery is false. Yang therefore contends that I should grant his motion to withdraw his admissions and deny the Lewises' motion for summary judgment.

## Discussion

### A. Summary-judgment standard

Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."[8] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[9] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[10]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[11] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[12]

---

[7] ECF No. 53 at 4.

[8] Fed. R. Civ. P. 56(a)).

[9] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[10] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[12] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

3

B.  **Yang's Admissions and Request to Withdraw Them**

Federal Rule of Civil Procedure 36(a) allows "[a] party [to] serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: the facts, the application of law to fact, or opinions about either:"[13] "The matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer . . . addressed to the matter and signed by the party or its attorney.  A shorter or longer time for responding may be . . . ordered by the court."[14] "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. . . . The Court may permit the withdrawal or amendment if it would permit the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending an action on the merits."[15]  The Ninth Circuit emphasizes that a court's decision to grant relief under Rule 36(b) is permissive, not mandatory, and that "[u]nanswered requests for admissions may be relied on as the basis for granting summary judgment."[16]  A court may additionally require a party to demonstrate good cause for why they should be permitted to withdraw their prior admissions.[17]

Rather than arguing that good cause exists to withdraw his admissions or that withdrawal would "permit the presentation of the merits of the action," Yang contends that the Lewises acted in bad faith by filing this motion when Yang was under the belief that discovery would be extended.  He contends, with little to no evidentiary support, that Yang's counsel consistently attempted to contact the Lewises' counsel to discuss settlement and outstanding discovery, including the Lewises' depositions.  The Lewises' counsel allegedly responded that "an

---

[13] Fed. R. Civ. P. 36(a)(1)(A).

[14] *Id.* at 36(a)(3).

[15] *Id.* at 36(b).

[16] *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

[17] *See id.* at 625.

4

extension would be given" and that he would be in touch to discuss settlement.[18]  So, because Yang was still waiting to depose the Lewises and believed that discovery was extended, he believed that he did not have to comply with his own discovery obligations.[19]

Every civil practitioner knows that a set of requests for admissions is a grenade with its pin pulled: the failure to serve timely denials can blow up a case.  Yang's claim that he didn't bother responding to the Lewises' requests because he believed the discovery deadline would be extended is illogical and does not demonstrate good cause to withdraw his admissions-by-default.  The RFA-response deadline is tied to the document's service date, not the discovery cut-off date.

Even if I could conclude that an anticipated extension of the discovery deadline would be a good reason to ignore the need to respond to RFAs, Yang's belief that discovery would be extended was unreasonable—particularly once the already-extended deadline expired on November 8, 2017.[20]  The discovery cut-off date cannot be extended by the parties alone; a court order is required.  Yang contends that the Lewises' counsel went radio silent sometime after late September.[21]  So, when court-ordered deadlines were fast approaching without word from the Lewises' counsel about stipulations to extend them, Yang's counsel's proper course of action would have been to file a motion to extend the deadline or to compel further discovery.  But he

---

[18] ECF No. 53 at 30.  The only supporting evidence for these arguments comes in the form of an affidavit that doesn't comply with 28 U.S.C. § 1746.  Even if it did, the affidavit merely confirms that an employee of Yang's counsel's firm contacted the Lewises' counsel "on no less than four separate occasions" on unspecified dates, and that, on another unspecified date, the employee "was told that an extension would be given . . . ." *Id.*

[19] While arguing about this chain of events, both parties make several unsupported statements regarding why the Lewises weren't available for depositions, what communications did and did not occur between the lawyers, and the various statuses of different settlement offers.  "But legal memoranda and oral argument are not evidence, and they cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion where no dispute otherwise exists." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978).  So I choose to ignore all of counsel's unsupported statements and focus instead on the sparse facts that are supported by the record.

[20] ECF No. 51.

[21] ECF No. 53 at 2–3.

5

did nothing and just let Yang's deadline to respond to the RFAs—and the discovery cut-off date—lapse.

Yang's decision to ignore his own discovery obligations because the other side was evading theirs doesn't give me a reason to withdraw his admissions. And the fact that the Lewises filed a motion for summary judgment on the basis of Yang's unanswered admissions on the court-imposed dispositive motion deadline doesn't demonstrate bad faith. While the Lewises' handling of discovery in this case leaves much to be desired, they cannot be faulted for filing a timely motion based on long ignored—so now conclusive—admissions. I therefore deny Yang's motion to withdraw his admissions, and I consider whether they establish his defamation liability in this case.

**C.     Yang's Admissions Support Partial Summary Judgment on Defamation Liability.**

An action for defamation under Nevada law requires the plaintiff to prove four elements: "(1) a false or defamatory statement by a defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence, and (4) actual or presumed damages."[22] Through his Rule 36 admissions, Yang admits that: (1) he accused the Lewises of stealing personal property and harassing other employees, (2) those accusations were false and (3) they were not based on Yang's own personal knowledge or observations.[23] Yang further admits that these false allegations were intended to prevent the Lewises from being offered future employment as traveling poker dealers on the tournament circuit.[24] So, the Lewises have met their burden to show that no material disputes of fact exist as to the first three elements of their defamation claim.

Yang contends that "a number of requested admissions such as admissions regarding Plaintiffs' alleged damages lack personal knowledge and have no basis for admissibility."[25]

---

[22] *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 90 (Nev. 2002).

[23] *See* ECF No. 52 at 33–39.

[24] *Id.*

[25] ECF No. 53 at 4.

6

After reviewing the RFAs, I'm not sure which admissions Yang believes are about the Lewises' alleged damages. The admissions only establish that Yang "knowingly interfered with" the Lewises' potential to get hired at future tournaments. They do not establish that Yang's comments actually caused the Lewises to lose work or sustain any other damages.[26] Without argument or evidence as to actual or presumed damages, the Lewises have not proven that no disputed facts exist on whether Yang's defamatory statements caused them to suffer damages, or on the amount of such damages. So, I grant the Lewises' motion as to liability only and deny it as to damages.

## Conclusion

IT IS HEREBY ORDERED that the plaintiffs' motion for summary judgment **[ECF No. 52] is GRANTED in part**. Yang's defamation liability is established, so this case will proceed to trial on damages only. The parties are ordered to file their Joint Pretrial Order within 30 days.

IT IS FURTHER ORDERED that the defendant's motion to withdraw admissions **[ECF No. 53] is DENIED.**

IT IS FURTHER ORDERED that **this matter is referred to the magistrate judge to schedule a mandatory settlement conference.**

Dated: June 7, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[26] The Lewises do not contend that they are entitled to presumed damages under Nevada's recognition of defamation per se claims. *See Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 504 (Nev. 2009). And while they do allege that they lost work as a result of Yang's defamatory statements, they present no evidence to support those allegations.