**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CLAYTON A. LEWIS, et al., | Case No.: 2:16-cv-02787-JAD-NJK |
| Plaintiff(s), | **ORDER** |
| v. | |
| CAESARS ENTERTAINMENT CORPORATION, et al., | |
| Defendant(s). | |

Pending before the Court are two orders for Defendant Bingli Yang and her counsel (Aaron Aquino) to show cause. Docket Nos. 62, 64. For the reasons outlined below, the Court **ORDERS** Defendant and her counsel to pay attorney's fees to Plaintiffs in the amount of $3,311. The Court further **ORDERS** Mr. Aquino to pay a Court fine of $2,000. Lastly, the Court **RESETS** the settlement conference for 9:30 a.m. on November 5, 2018. No later than 3:00 p.m. on October 24, 2018, Defendant Yang shall submit a settlement statement that complies with the requirements outlined in Docket No. 57.

**I.    BACKGROUND**

United States District Judge Jennifer A. Dorsey referred this matter for a mandatory settlement conference. Docket No. 56. The Court vacated that settlement conference as a result of Defendant Yang's violation of three orders to submit a settlement statement. *See* Docket No. 63; *see also* Docket Nos. 58, 61, 62. Those violations also prompted the issuance of two orders to show cause, which are currently before the Court. Docket Nos. 62, 64. Pursuant to those orders

1

to show cause, the issues to be decided at this time are whether Defendant and Mr. Aquino should be sanctioned in fines of up to $2,000 each, whether Defendant and Mr. Aquino should be ordered to pay Plaintiffs' attorney's fees incurred as a result of their violation of the Court's orders, whether contempt proceedings should be initiated, and whether default judgment should be entered. *See id.*

Defendant and Mr. Aquino filed an unsatisfactory and incomplete response to the orders to show cause attesting in relatively general terms that Mr. Aquino and his family were ill during the relevant period. Docket No. 67. The Court provided Defendant and Mr. Aquino an additional month to provide a more fulsome response supported by declaration. Docket No. 68. Thereafter, Defendant and Mr. Aquino appear to have simply refiled their previous response (without the referenced exhibits) attesting in vague terms that the above orders were violated due to illness of Mr. Aquino and his family. Docket No. 70.

Finding the renewed response still inadequate, the Court set a show cause hearing for 3:00 p.m. on September 25, 2018. Docket No. 71.[1] Despite that order and despite a telephone call to his office by the undersigned's Courtroom Deputy, Mr. Aquino failed to appear for the show cause hearing. *See* Docket No. 72; *see also* Hearing Rec. (9/25/2018) at 3:16 – 3:17 p.m.

## II.      STANDARDS

Orders are not suggestions or recommendations, they are directives with which compliance is mandatory. *See, e.g.*, *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979); *see also Weddell v. Stewart*, 261 P.3d 1080, 1085 & n.9 (Nev. 2011). There are several sources of legal authority by which federal courts enforce their orders. Most pertinent here, Rule 16(f) of the Federal Rules of Civil Procedure requires compliance with any "scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Hence, when attorneys or parties fail to comply with an order regarding a settlement conference, Rule 16(f) is triggered. *See, e.g.*, *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990).

---

[1] The Court also ordered Defendant to file appropriately-redacted exhibits as had been ordered previously, and to file the referenced exhibits that were missing from his latest response. Docket No. 71. The deadline for compliance was September 20, 2018, *see id.*, and Defendant did not comply with either directive.

Rule 16(f) is "broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (per curiam). Rule 16(f) applies regardless of whether the non-compliance with the court order was intentional. *See, e.g.*, *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). Similarly, "[i]t is firmly established that sanctions may be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith." *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 WL 2757377, at *2 (D. Nev. May 11, 2016) (collecting cases).

When a court determines that Rule 16(f) has been triggered, it has broad discretion in fashioning an appropriate sanction. *See, e.g.*, *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993). Violations of orders are "neither technical nor trivial," *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999), and can have severe ramifications. Rule 16(f) itself provides that courts may issue "any just orders," including those authorized by Rule 37(b)(2)(A)(ii)-(vii), which include attorney's fees and the entry of case-dispositive sanctions. Fed. R. Civ. P. 16(f)(1). Although not expressly enumerated, the imposition of a Court fine is also among the "just orders" authorized by Rule 16(f). *See, e.g., Nick v. Morgan's Food, Inc.*, 270 F.3d 590, 595-96 (8th Cir. 2001).

## III.  ANALYSIS

### A.  MONETARY SANCTIONS

The first issue before the Court is whether to impose monetary sanctions on Defendant and Mr. Aquino for their violations of the Court's orders. Docket No. 64 at 2. Such sanctions are appropriate given the circumstances.[2]

---

[2] Despite numerous opportunities, Defendant and Mr. Aquino have not provided a reasonable justification for their violations of the Court's orders. Defendant and her counsel proffered that their failure to comply with Court's orders with respect to the settlement conference was the result of illness to Mr. Aquino's children and, eventually, to Mr. Aquino. Docket No. 70 at 2. That response lacks critical detail, however. For example, Mr. Aquino attests that his first child fell ill "[i]mmediately prior to the Court's original statement deadline of August 1, 2018," and that he was caring for his child at that time. Docket No. 70 at 2. The hospital visit identified with respect to his second child occurred the night of August 4, 2018. *Id.* Mr. Aquino fails to explain, however, why he was unable to contact the Court or opposing counsel during this period to seek an extension of the deadline to submit settlement statements, seek a continuance of the settlement conference, or otherwise provide notice of the circumstances. Mr. Aquino then thwarted the Court's ability to obtain a fuller explanation of the circumstances leading to the violation of the orders identified by additionally violating the order to appear for a show cause

3

Plaintiffs' attorney wasted his time and effort preparing for a settlement conference that was vacated because of Defendant's and Mr. Aquino's violations. Plaintiffs' attorney also wasted his time and effort appearing for a show cause hearing that was unproductive in light of Mr. Aquino's failure to appear as ordered. In addition, the violations of the Court's orders also resulted in Plaintiffs preparing responses to the orders to show cause. The consequences of the repeated violations of the Court's orders should be borne by Defendant and Mr. Aquino, not by Plaintiffs. Accordingly, the Court will award Plaintiffs attorney's fees incurred as a result of the violation of the Court's orders.

Plaintiffs seek a total of $4,111 in attorney's fees with respect to the above expenditure of time. *See* Docket No. 65; *see also* Hearing Rec. (9/25/2018) at 3:17 – 3:19 p.m. (outlining additional time expended since the previous filing arising out of violations). The amount of fees to award is determined through the lodestar method by which the Court multiples the number of hours reasonably expended by a reasonable hourly rate. *E.g. Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court finds Mr. Smith's hourly rate of $200 and his paralegal's hourly rate of $120 to be reasonable. *Cf. Crusher Designs, LLC v. Atlas Copco Powercrusher GmbH*, 2015 WL 6163443, at *2 (D. Nev. Oct. 20, 2015) (collecting cases on prevailing market rates for attorneys and paralegals). The Court also finds the amount of time expended to be reasonable. Accounting for the fact that some of the time spent previously will contribute to the continued settlement conference being set below,[3] the Court herein awards $3,311 in fees.

Moreover, the Court finds that an award of attorney's fees is insufficient to address the conduct of Mr. Aquino, in particular. Mr. Aquino has exhibited a penchant for violating orders.

---

hearing. No explanation has been provided to date why Mr. Aquino failed to appear at the show cause hearing.

[3] As discussed below, the Court is resetting the settlement conference and Plaintiffs will not be required to submit a new settlement statement. In some respects, then, the time spent by Plaintiffs' counsel to prepare the settlement statement was not in vain. Nonetheless, given the passage of time since that statement was prepared, counsel will need to expend additional time to prepare himself and his clients anew for the continued settlement conference. Balancing the time spent that will advance the continued settlement conference with the need to duplicate efforts to prepare for the continued settlement conference, the Court has adjusted the lodestar to remove four hours of Mr. Smith's time spent preparing the settlement statement.

For example, even after the orders to show cause were issued and after it was clear that significant sanctions were possible, Mr. Aquino failed to appear as ordered at the show cause hearing. To date, Mr. Aquino has provided no explanation of any kind for failing to appear as ordered. By violating the Court's orders outlined herein, Mr. Aquino has thwarted the Court's ability to manage its docket, caused the Court to waste its resources, and has delayed this case. Accordingly, the Court finds that Mr. Aquino must pay a fine of $2,000.

Accordingly, the Court hereby **ORDERS** Defendant and Mr. Aquino to pay Plaintiffs $3,311 in attorney's fees no later that October 29, 2018. The Court further **ORDERS** Mr. Aquino to pay a Court fine of $2,000. This fine is to be paid personally by Mr. Aquino and shall not be passed on in any way to his client. Payment of the Court fine shall be made to the "Clerk, U.S. District Court" no later than October 29, 2018. Mr. Aquino shall file a proof of payment on the docket by that date.

### B. DEFAULT JUDGMENT AND CONTEMPT PROCEEDINGS

The remaining issues before the Court are whether to recommend default judgment against Defendant and whether to initiate contempt proceedings. Given the course of conduct in this case, the Court would be within its discretion to enter default judgment and/or to initiate contempt proceedings. Nonetheless, those are severe sanctions and there is a countervailing public policy in allowing cases to be resolved on their merits when reasonably possible. The Court expects that the monetary sanctions imposed herein will suffice for Defendant and Mr. Aqunio to right the ship so that this case can be decided on its merits. To that end, the Court declines to impose more significant sanctions than the monetary sanctions imposed herein.

**THE COURT EXPECTS STRICT COMPLIANCE MOVING FORWARD WITH ITS ORDERS AND ALL GOVERNING RULES. FAILURE BY DEFENDANT AND/OR MR. AQUINO TO COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, UP TO AND INCLUDING, CASE-DISPOSITIVE SANCTIONS AND CONTEMPT PROCEEDINGS. THERE WILL BE NO FURTHER WARNINGS PROVIDED.**

The Court also **RESETS** the settlement conference in this case for 9:30 a.m. on November 5, 2018.  No later than 3:00 p.m. on October 24, 2018, Defendant Yang shall submit a settlement statement that complies with the requirements outlined in Docket No. 57. [4]

**IV.    CONCLUSION**

For the reasons outlined above, the Court **ORDERS** Defendant and her counsel to pay attorney's fees to Plaintiffs in the amount of $3,311.  The Court further **ORDERS** Mr. Aquino to pay a Court fine of $2,000.  Lastly, the Court **RESETS** the settlement conference for 9:30 a.m. on November 5, 2018.  No later than 3:00 p.m. on October 24, 2018, Defendant Yang shall submit a settlement statement that complies with the requirements outlined in Docket No. 57.

IT IS SO ORDERED.

Dated: October 15, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] The Court already received a settlement statement from Plaintiffs, and does not require a further statement from them.