# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CLAYTON A. LEWIS, et al.,

    Plaintiff(s),

v.

CAESARS ENTERTAINMENT CORPORATION, et al.,

    Defendant(s).

Case No.: 2:16-cv-02787-JAD-NJK

**Order To Show Cause**

Defendant Bingli Yang and her attorney (Aaron Aquino) violated the Court's order to submit a settlement conference statement by 3:00 p.m. on October 24, 2018. *See* Docket No. 76 at 6. The Court hereby **ORDERS** Defendant Yang and Mr. Aquino to appear personally for a show cause hearing at 2:00 p.m. on November 9, 2018, in Courtroom 3A. Defendant Yang and Mr. Aquino shall be prepared to explain why their most recent violation of a Court order should not result in (1) entry of default judgment, (2) initiation of contempt proceedings, (3) an award of attorney's fees to Plaintiffs,[1] (4) Court fines of up to $10,000 each, and (5) referral of Mr. Aquino to the Nevada State Bar for potential disciplinary proceedings. **FAILURE TO APPEAR AS ORDERED WILL RESULT IN THE IMPOSITION OF SEVERE SANCTIONS.**

---

[1] The Court previously awarded only partial attorney's fees given that the settlement conference was rescheduled such that some of the time previously spent would not be wasted. *See* Docket No. 76 at 4 n.3. The Court is vacating the continued settlement conference in light of the additional violation now at issue. Defendant Yang and Mr. Aquino must also be prepared to explain why they should not pay the attorney's fees incurred by Plaintiffs for their counsel appearing for this show cause hearing and for preparing the filings being ordered below. Plaintiffs' counsel shall be prepared at the show cause hearing to explain what additional time has been expended for those activities.

1

The Court further **ORDERS** as follows:

- The rescheduled settlement conference is hereby vacated.
- Plaintiffs shall be prepared at the hearing set herein to prove-up their compensatory damages in the event default judgment is recommended.[2]
- To the extent they continue to seek punitive damages in the event default judgment is recommended, Plaintiffs shall file a brief explaining the basis for such damages by November 5, 2018,[3] and shall be prepared to provide testimony to the same at the hearing set herein.
- To the extent they continue to seek attorney's fees for the entire case in the event default judgment is recommended, Plaintiffs shall file a brief explaining the basis for such an award by November 5, 2018.[4]

IT IS SO ORDERED.

Dated: October 26, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court is already in receipt of various documents Plaintiffs have filed to prove up their damages. Docket Nos. 65-66, 74-75. To the extent Plaintiffs seek compensatory damages for lost opportunities for promotion, *see, e.g.*, Docket No. 74 at ¶ 6, they must be prepared to explain how they have quantified those damages and their basis for doing so.

[3] "Punitive damages are never awarded as of right." *See Jones v. Zimmer*, 2015 U.S. Dist. Lexis 177093, at *8 (D. Nev. Nov. 30, 2015), *adopted*, 2016 U.S. Dist. Lexis 36990, at *3 (D. Nev. Mar. 22, 2016). Instead, the movant must establish that the defaulting party's conduct was sufficiently egregious to meet the applicable standard for awarding punitive damages. *See id.* "Generally speaking, punitive damages cannot be awarded simply on the basis of pleadings and instead can only be awarded based on an evidentiary showing." *Id.* Under Nevada law, tort claims can provide a basis for an award of punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied." N.R.S. 42.005(1).

[4] Under the American Rule, parties generally do not recover their attorney's fees for prevailing in litigation absent some statutory provision allowing an award of fees. *E.g., Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975).